HERCULES TIRE & RUBBER COMPANY, Appellant,

v.

MURPHY, Appellee.

[Cite as *Hercules Tire & Rubber Co. v. Murphy* (1999), 133 Ohio App.3d 97.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–99–10.

Decided Aug. 4, 1999.

**98**

*Firmin, Sprague & Huffman Co., L.P.A.,* and *Thomas P. Kemp,* for appellant.

*Oxley, Malone, Fitzgerald & Hollister* and *Michael E. Glib,* for appellee.

HADLEY, Judge.

This appeal, having been placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.

The plaintiff–appellant, Hercules Tire & Rubber Company ("Hercules"), appeals the judgment of the Hancock County Court of Common Pleas dismissing its complaint against the defendant–appellee, Clayton Murphy ("Murphy").

The facts of the case are as follows. Hercules is a Connecticut Corporation with its principal place of business in Findlay, Ohio. Murphy is a resident of Tampa, Florida.

Murphy was employed as a sales representative for Hercules for the period February 1995 through June 1998. Murphy's sales region was the southeastern United States. Murphy's employment with Hercules was based upon four written sales agreements.

Murphy resigned from Hercules in June 1998. Following Murphy's resignation, a dispute arose regarding his right to future commissions for a past sale which took place in Cullman, Alabama. The parties could not resolve their dispute.

On October 1, 1998, Hercules filed a declaratory judgment action against Murphy seeking to construe the written agreements of the respective parties. Thereafter, Murphy filed a breach of contract action in the state of Florida. On October 30, 1998, in the state of Ohio, Murphy filed a motion to quash service and to dismiss Hercules's complaint for lack of personal jurisdiction pursuant to Civ.R. 12(B)(2). On January 19, 1999, Hercules filed a motion to stay the Florida proceedings pending the outcome of the declaratory judgment action. The Florida court granted Hercules's motion to stay the proceedings, and likewise granted Hercules's motion to dismiss with leave to amend. On March 11, 1999, the trial court granted Murphy's motion to quash and dismissed Hercules's declaratory judgment action for want of jurisdiction.[1]

Appellant now appeals, asserting the following sole assignment of error.

## ASSIGNMENT OF ERROR

"The trial court erred in granting defendant's motion to quash service and motion to dismiss for lack of personal jurisdiction."

---

1. Murphy's arguments relating to the merits of Hercules's complaint for declaratory judgment are not ripe for this appeal.

Hercules asserts in its sole assignment of error that the trial court erred in finding that sufficient minimum contacts did not exist to confer personal jurisdiction over Murphy. For the following reasons, we agree.

We first note that where a party moves for dismissal based upon lack of personal jurisdiction, the nonmoving party bears the burden of establishing the court's jurisdiction. *Giachetti v. Holmes* (1984), 14 Ohio App.3d 306, 14 OBR 371, 471 N.E.2d 165. When the trial court holds an evidentiary hearing, the nonmoving party must prove the court's jurisdiction by a preponderance of the evidence. *Id.*

It is well settled that an Ohio court may exercise personal jurisdiction over a nonresident defendant where (1) Ohio's long-arm statute, R.C. 2307.382, and Civ.R. 4.3(A) confer jurisdiction, and (2) the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *U.S. Sprint Communications v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 183–184, 624 N.E.2d 1048, 1050–1052.

R.C. 2307.382, Ohio's long-arm statute, provides as follows:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's * * *

"(1) Transacting any business in this state * * *[.]"

Civ.R. 4.3 permits service of process on a nonresident defendant who falls within reach of the long-arm statute. Civ.R. 4.3(A)(1) similarly provides as follows:

"(A) Service of process may be made outside of this state * * * upon a person who * * * is a nonresident of this state * * *. 'Person' includes an individual * * *, who, acting directly * * *, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:

"(1) Transacting any business in this state[.]"

The term "transacting any business in this state" has been given a broad interpretation by the Supreme Court of Ohio. See *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 236, 638 N.E.2d 541, 544. The term "transact" encompasses " 'to carry on business' " and " 'to have dealings.' " *Id.*, citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 559 N.E.2d 477. Further, personal jurisdiction does not require physical presence in the forum state. See *id.*

The assertion of jurisdiction over a nonresident defendant does not violate due process if the nonresident possesses certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions

of fair play and substantial justice. *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 101–102. The relevant inquiry is whether the nonresident defendant purposely availed himself of minimum contacts in the forum state such that he or she should reasonably anticipate being haled into court there. *Burger King v. Rudzewicz* (1985), 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 541–542.

"Minimum contacts" has been defined as conduct which creates a substantial connection to the forum state, creates continuing obligations between a defendant and a resident of the forum, or conducting significant activities within a state. *McGee v. Internatl. Life Ins. Co.* (1957), 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, 226; *Travelers Health Assn. v. Virginia* (1950), 339 U.S. 643, 648, 70 S.Ct. 927, 929–930, 94 L.Ed. 1154, 1161; *Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184, 85 L.Ed.2d at 543.

In finding a lack of personal jurisdiction over Murphy, the trial court held in particular that "the defendant's relationship to the plaintiff was based primarily upon a personal services agreement to sell rubber products outside of the State of Ohio." Although this statement is true, the sales agreements entered into by the respective parties state in pertinent part as follows:

"This agreement is made under, and in all respects shall be interpreted, construed, and governed by and in accordance with, the laws of the state of Ohio."

Although a choice-of-law provision alone is generally insufficient to confer personal jurisdiction over a nonresident, it is a factor to be considered by the court. See *Burger King,* 471 U.S. at 481–482, 105 S.Ct. at 2186–2187, 85 L.Ed.2d at 546–547. The record also reveals that Murphy had regular and continuous facsimile and telephone contact with the officers and employees of Hercules's office in Ohio; that Murphy received his employment checks, commission checks, and expense checks from Hercules's office in Ohio; and that Murphy was required to attend, on a yearly basis, a three-day sales manager meeting in Findlay, Ohio.

Pursuant to the choice-of-law provision contained in each of the four sales agreements, as well as aforementioned business contacts with the state of Ohio, we find that Murphy could have reasonably anticipated being haled into an Ohio court in the event that a dispute arose during his employment.

For the aforementioned reasons, we find that Murphy had sufficient dealings with the state of Ohio to allow the trial court to invoke jurisdiction over him. We also find that an assertion of personal jurisdiction over Murphy comports with fair play and substantial justice as required by the Due Process Clause of the Fourteenth Amendment.

For these reasons, we find that the trial court erred in granting Murphy's motion to dismiss the complaint for want of personal jurisdiction. Accordingly, Hercules's assignment of error is well taken and is sustained.

*Judgment reversed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.