DECISION
KB Circuits, Inc., plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas, which granted a motion to dismiss in favor of BECS Technology, Inc., defendant-appellee.
Appellee is a Missouri based corporation, having its principal place of business in Olivette, Missouri. Appellant is an Ohio based corporation. In an affidavit dated August 16, 1999, John Bell, vice president and purchasing agent for appellee stated that in early 1999 he "contacted a representative of [appellant] from my office in Missouri to inquire about [appellant's] ability to procure circuit boards manufactured overseas." Bell stated that he was assured by a representative of appellant's that the circuit boards could be obtained. Appellee faxed a purchase order for the circuit boards to appellant, requesting that the boards be delivered to its office in Missouri. Bell further stated in his affidavit that on April 29, 1999, appellee received a package of circuit boards at its office in Missouri, and that "[u]pon reviewing the shipment, we quickly recognized that [appellant] had not arranged for the delivery of the boards that [we] had ordered. * * * As the boards did not conform to the purchase order, and were of no use to us, we quickly rejected the delivery and sent the boards [back] to [appellant]."
On June 30, 1999, appellant filed a complaint against appellee in the Franklin County Court of Common Pleas. In the complaint, appellant alleged that appellee failed to perform "its part of the Agreement by accepting the circuit boards and paying [appellant]." Appellant requested damages in the amount of $25,642.01. On August 19, 1999, appellee filed a motion to dismiss appellant's complaint. In its motion, appellee argued that the court lacked personal jurisdiction because "this action does not arise out of any of the activities enumerated in Ohio's long-arm statute" and appellee "has not had sufficient contacts with the state of Ohio to comport with the requirements of due process."
On June 20, 1999, the trial court issued a decision sustaining appellee's motion to dismiss pursuant to Civ.R. 12(B)(2). The court held that appellee "did not maintain the necessary minimum contacts with the state of Ohio to be haled into Court." The court did not hold an evidentiary hearing regarding appellee's motion to dismiss and issued its decision based upon appellee's motion and appellant's memorandum contra to appellee's motion. Appellant appeals the trial court's decision dismissing its case and presents the following assignment of error:
 The trial court erred in granting defendant BECS Technology, Inc.'s Civil Rule 12(B)(2) motion to dismiss for lack of personal jurisdiction.
Appellant argues in its single assignment of error that the trial court erred when it granted appellee's motion to dismiss. Appellant argues that appellee had sufficient minimum contacts within Ohio to enable the trial court to exercise jurisdiction over appellee.
A trial court may dismiss a complaint without a hearing pursuant to Civ.R. 12(B)(2) if a plaintiff fails to establish a prima facie case for the court's personal jurisdiction over a defendant. The Rex HumbardFoundation v. Van Voorhis (Jan. 14, 1998), Medina App. No. 2625-M, unreported. If the court determines its jurisdiction without an evidentiary hearing, it must view allegations in the pleadings and documentary evidence in a light most favorable to the non-moving party, resolving all reasonable competing inferences in favor of the non-moving party. Id. An appellate court review of a trial court's decision granting a Civ.R. 12(B)(2) motion is de novo. Herbruck v. LaJolla Capital (Sept. 27, 2000), Summit App. No. 19586, unreported.
When determining whether an Ohio court has personal jurisdiction over a nonresident defendant, the court must determine whether: (1) R.C. 2307.382
and Civ.R. 4.3 confer personal jurisdiction, and (2) whether granting personal jurisdiction would deprive the defendant of the right of due process of law pursuant to the Fourteenth Amendment of the United States Constitution. McAllen v. American States Insurance (Oct. 20, 2000), Mahoning App. No. 99 CA 159, unreported, following U.S. SprintCommunications Co. Ltd. Partnership v. Mr. K's Foods, Inc. (1994),68 Ohio St.3d 181, 183-184.
R.C. 2307.382(A) states in part: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's * * * [t]ransacting any business in this state." Civ.R. 4.3(A) similarly states that "[s]ervice of process may be made outside of this state, as provided in this rule" upon a person "who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's: (1) Transacting any business in this state."
The phrase "transacting any business" is broad and encompasses more than "contract." Clark v. Connor (1998), 82 Ohio St.3d 309, 312. The term "transact" as utilized in the phrase "transacting any business" encompasses to "carry on business" and to "have dealings." Goldstein v.Christiansen (1994), 70 Ohio St.3d 232, 236. "With no better guideline than the bare wording of the statute to establish whether a nonresident is transacting business in Ohio, the court must, therefore, rely on a case-by-case determination." McKinley Machinery, Inc. v. Acme CorrugatedBox Co., Inc. (July 12, 2000), Lorain App. No. 98CA007160, unreported, following U.S. Sprint, supra, at 185.
In the present case, Bell stated that he contacted appellant concerning the purchase of the circuit boards and that the two formed a contract concerning the sale and delivery of the circuit boards. Bell also stated that the two had frequent communications concerning the transaction. In his affidavit, Bell stated:
 All of [appellee's] communications with [appellant], both before and after the issuance of the purchase order, were conducted in Missouri via telephone, fax, and e-mail messages. The purpose of these communications was to ensure that the proper circuit boards would be delivered by [appellant]. At no time did I or any other representative of [appellee] travel to Ohio in connection with this purchase order.
 Since its inception, [appellee] has maintained its offices and manufacturing facilities in Missouri. [Appellee] has no offices or representatives in Ohio. Other than the present purchase order, [appellee] has had no other dealings with anyone in Ohio. [Appellee] has never ordered any products or services manufactured in Ohio, has never delivered any products to Ohio, and does not own any property in Ohio. No representative of [appellee] has ever traveled to Ohio in connection with any of [appellee's] business.
Through an affidavit, Robert Simon, president of appellant, confirmed that numerous communications occurred between the parties concerning the transaction.
After having viewed these facts in a light most favorable to appellant, we find that sufficient facts were presented to demonstrate that appellee transacted business in Ohio pursuant to the requirements of R.C. 2307.382 and Civ.R. 4.3. Our finding mirrors the trial court's finding that appellee "has transacted business within the state of Ohio."
In addition to the requirements of R.C. 2307.382 and Civ.R. 4.3, in order for an Ohio court to have personal jurisdiction over a nonresident defendant, the granting of personal jurisdiction must not deprive the defendant of the right of due process of law pursuant to the Due Process Clause found in the Fourteenth Amendment of the United States Constitution. The Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful `contacts, ties, or relations.'"Burger King Corp. v. Rudzewicz (1985), 471 U.S. 462, 471-472,105 S.Ct. 2174, 2181. "To pass muster under the due process clause, personal jurisdiction over a nonresident may only be had if the nonresident purposefully established minimum contacts with the state." Martyn Assoc. Co. v. Frank Minardo, Inc. (Nov. 30, 2000), Cuyahoga App. No. 77683, unreported, following International Shoe Co. v. Washington
(1945), 326 U.S. 310. The United States Supreme Court has applied the minimum contacts requirement to state courts by stating that "all assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny." Shaffer v.Heitner (1977), 433 U.S. 186, 212, 91 S.Ct. 2569, 2584.
"`Minimum contacts' has been defined as conduct which creates a substantial connection to the forum state, creates continuing obligations between a defendant and a resident of the forum, or conducting significant activities within a state." Hercules Tire Rubber Co. v.Murphy (1999), 133 Ohio App.3d 97, 101, following Burger King, supra, at 476, 2184; McGee v. Internatl. Life Ins. Co. (1957), 355 U.S. 220, 223,78 S.Ct. 199, 201. Jurisdiction of a court is not automatically defeated by a showing that the corporation has no physical presence in the state.
 Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeabiltity of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there. Burger King, supra, at 476, 2184.
In a case involving an Ohio corporation, the United States Sixth Circuit Court of Appeals used the following three part test to determine whether sufficient minimum contacts were shown to satisfy the Due Process Clause:
 First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Calphalon Corp. v. Rowlette (C.A.6, 2000), 228 F.3d 718, 721.
In the present case, the evidence shows that the contract between the parties, which forms the basis of appellant's complaint, was the only business dealing between the parties. However, appellee initiated the contact with appellant to form the contract. Additionally, because of the complexity of the contract, the parties had frequent telephone, fax, and e-mail communications. For example, the affidavit submitted by Robert Simon details twenty-two different instances where the parties had communications concerning the contract prior to the delivery and rejection of the circuit boards.
We recognize that "[f]requent mail and telephone communications between two companies in different states are considered commercial contacts and are not `purposefully directed' to Ohio in a way that would lead the foreign corporation to realize that it could be haled into an Ohio court." Huskin v. Pappse (June 30, 2000), Trumbull App. No. 99-T-0069, unreported, following Friedman v. Speiser, Krause Madole, P.C. (1988),56 Ohio App.3d 11, 14. However, in the present case, the fact that appellee initially contacted appellant with purpose (combined with the frequent communications between the parties) is sufficient to establish the necessary minimum contacts with the state of Ohio since appellee had substantial connections with appellant, an Ohio based corporation.
Accordingly, after having reviewed the evidence in a light most favorable to appellant, we find that the trial court erred when it determined that appellee did not maintain the necessary minimum contacts with the state of Ohio. Appellant's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is hereby reversed.
Judgment reversed.
 KENNEDY, J., and BRYANT, P.J., concur.