OPINION
Fritz-Rumer-Cooke Co., Inc., plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas, which granted a motion to dismiss in favor of Todd Sargent, defendant-appellee.
On September 15, 1999, appellant filed a complaint against appellee alleging that it had entered into a contract with appellee and that appellee had failed to fulfill its obligations under the contract. Appellant requested a judgment against appellee in the amount of $28,123.20. On November 18, 1999, appellee filed a motion to dismiss appellant's complaint. Appellee argued that the trial court did not have personal jurisdiction over it because: (1) it was an Iowa corporation with its principle office in Ames, Iowa; (2) it did not maintain any offices in the state of Ohio; (3) the contract involved a construction agreement for work to be performed in the state of Kentucky; and (4) no work was performed in Ohio. Appellee also argued that the complaint was deficient because it did not name the correct corporate identity.
On June 19, 2000, the trial court sustained appellee's motion to dismiss. The court found that it did not have personal jurisdiction over appellee because it had not established sufficient minimum contacts within the state of Ohio. The court stated:
 [Appellee] may have entered into the Agreement with an Ohio corporation, [appellee's] actions neither created a substantial connection with Ohio nor establish[ed] that [appellee] engaged in significant activities within Ohio. Instead, [appellee's] contacts with Ohio were limited to telephone conversations and facsimiles regarding the negotiation and subsequent performance of the Agreement, which did not involve work to be performed in Ohio. Instead, as stated previously, [appellee] contracted with [appellant] to perform work at a job site in Sebree, Kentucky. Finally, no representative of [appellee] was ever physically present in Ohio and [appellee] does not maintain an office in Ohio from which it conducts business. Thus, the evidence does not support a finding that [appellee] either created a substantial connection with Ohio or transacted any business within Ohio.
Appellant appeals the trial court's decision dismissing its case and presents the following assignment of error:
 ASSIGNMENT OF ERROR THE FRANKLIN COUNTY COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN GRANTING TODD SARGENT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.
Appellant argues in its single assignment of error that the trial court erred when it granted appellee's motion to dismiss. Appellant argues that appellee had sufficient minimum contacts within the state of Ohio to justify the trial court exercising jurisdiction over appellee.
"A trial court may dismiss a complaint without a hearing pursuant to Civ.R. 12(B)(2) if a plaintiff fails to establish a prima facie case for the court's personal jurisdiction over a defendant." KB Circuits, Inc.v. BECS Technology, Inc. (Jan. 18, 2001), Franklin App. No. 00AP-621, unreported. If the court determines its jurisdiction without an evidentiary hearing, it must view allegations in the pleadings and documentary evidence in a light most favorable to the non-moving party, resolving all reasonable competing inferences in favor of the non-moving party. Id. An appellate court review of a trial court's decision granting a Civ.R. 12(B)(2) motion is de novo. Herbruck v. LaJolla Capital (Sept. 27, 2000), Summit App. No. 19586, unreported.
When determining whether an Ohio court has personal jurisdiction over a nonresident defendant, the court must determine whether: (1) R.C. 2307.382
and Civ.R. 4.3 confer personal jurisdiction, and (2) whether granting personal jurisdiction would deprive the defendant of the right of due process of law pursuant to the Fourteenth Amendment of the United States Constitution. McAllen v. American States Insurance (Oct. 20, 2000), Mahoning App. No. 99 CA 159, unreported, following U.S. SprintCommunications Co. Ltd. Partnership v. Mr. K's Foods, Inc. (1994),68 Ohio St.3d 181, 183-184.
R.C. 2307.382(A) states in part: "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's * * * [t]ransacting any business in this state." Civ.R. 4.3(A) similarly states that "[s]ervice of process may be made outside of this state, as provided in this rule" upon a person "who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's: (1) Transacting any business in this state * * *."
The phrase "transacting any business" is broad and encompasses more than "contract." Clark v. Connor (1998), 82 Ohio St.3d 309, 312. The term "transact" as utilized in the phrase "transacting any business" encompasses to "carry on business" and to "have dealings." Goldstein v.Christiansen (1994), 70 Ohio St.3d 232, 236. "With no better guideline than the bare wording of the statute to establish whether a nonresident is transacting business in Ohio, the court must, therefore, rely on a case-by-case determination." McKinley Machinery, Inc. v. Acme CorrugatedBox Co., Inc. (July 12, 2000), Lorain App. No. 98CA007160, unreported, following U.S. Sprint, supra, at 185.
In the present case, appellee submitted an affidavit by project manager Dean Petersen, which stated:
 [Appellant], an Ohio Corporation located in Columbus, Ohio contracted with [appellee] to perform some of the work necessary in Sebree KY. [Appellant] was awarded this contract following a competitive bidding process involving several other contractors. Prior to this project, [appellant] had never subcontracted for [appellee].
 The initial, mutual negotiations for the project in Sebree, KY were conducted by phone and by fax between Ames and Columbus. At no time did anyone from [appellee] travel to Columbus, or any other location in the state of Ohio, in connection with this project.
 Subsequent negotiations regarding the specific work which is at issue in this dispute were conducted by phone and by fax primarily between Ames and Sebree with some communications (by phone and fax only) between Ames and Columbus. The only face to face contact between [the parties] were [sic] on the job site in Sebree, KY. The proposal which formed the basis of the contract between [the parties] was approved and executed in Ames, Iowa.
 Other than telephone conversations and faxes, [appellee] has had no contacts with the State of Ohio regarding the work which is the basis of the suit brought by [appellant].
Appellant does not dispute any of the facts presented in Petersen's affidavit.
After having viewed these facts in a light most favorable to appellant, we find that sufficient facts were presented to demonstrate that appellee transacted business in the state of Ohio pursuant to the requirements of R.C. 2307.382 and Civ.R. 4.3. Appellee entered into a contract with appellant knowing that appellant was an Ohio based corporation. Therefore, because of the broad application of the phrase "transacted any business," we find that appellee transacted business in Ohio.
"In addition to the requirements of R.C. 2307.382 and Civ.R. 4.3, in order for an Ohio court to have personal jurisdiction over a nonresident defendant, the granting of personal jurisdiction must not deprive the defendant of the right of due process of law pursuant to the Due Process Clause found in the Fourteenth Amendment of the United States Constitution." KB Circuits, supra. The Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful `contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz (1985),471 U.S. 462, 471-472, 105 S.Ct. 2174, 2181. "To pass muster under the due process clause, personal jurisdiction over a nonresident may only be had if the nonresident purposefully established minimum contacts with the state." Martyn Assoc. Co. v. Frank Minardo, Inc. (Nov. 30, 2000), Cuyahoga App. No. 77683, unreported, following International Shoe Co. v.Washington (1945), 326 U.S. 310. The United States Supreme Court has applied the minimum contacts requirement to state courts by stating that "all assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny."Shaffer v. Heitner (1977), 433 U.S. 186, 212, 91 S.Ct. 2569, 2584.
"`Minimum contacts' has been defined as conduct which requires a substantial connection to the forum state, creates continuing obligations between a defendant and a resident of the forum, or conducting significant activities within a state." Hercules Tire Rubber Co. v.Murphy (1999), 133 Ohio App.3d 97, 101, following Burger King, supra, at 476, 2184; McGee v. Internatl. Life Ins. Co. (1957), 355 U.S. 220, 223,78 S.Ct. 199, 201. Jurisdiction of a court is not automatically defeated by a showing that the corporation has no physical presence in the state.
 Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeabiltity of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there. Burger King, supra, at 476, 2184.
When determining whether sufficient minimum contacts were shown to satisfy the Due Process Clause, the plaintiff must satisfy each part of the following three part test:
 "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." KB
Circuits, supra, quoting Calphalon Corp. v. Rowlette
(C.A.6, 2000), 228 F.3d 718, 721.
Each of these cases makes the important distinction that a finding of minimum contacts does not simply require facts showing "some contacts" but, instead, requires facts demonstrating "substantial" connections, "continuing" obligations, or "significant" activities. Hercules Tire Rubber Co., supra, at 101.
In the present case, the undisputed evidence shows that the contract between the parties, which forms the basis of appellant's complaint, was the only business dealing between the parties. There is no evidence that the parties had a continuing business relationship beyond the contract agreement. There is also no evidence that a representative of appellee ever visited Ohio in his or her representative capacity. Additionally, the work to be performed was to be performed in Kentucky, not Ohio. While it is true that the parties had frequent telephone, fax, and e-mail communications concerning the contract, "[f]requent mail and telephone communications between two companies in different states are considered commercial contacts and are not `purposefully directed' to Ohio in a way that would lead the foreign corporation to realize that it could be haled into an Ohio court." Huskin v. Pappse (June 30, 2000), Trumbull App. No. 99-T-0069, unreported, following Friedman v. Speiser (1988),56 Ohio App.3d 11, 14. As stated by another appellate court:
 Appellant urges this court to hold that the mail, facsimile, and telephonic communications between the parties were sufficient minimum contacts from a constitutional standpoint. As a general matter, though, the use of interstate lines of communication such as mail service, facsimiles, and telephones is not automatically a purposeful availment of the privileges of conducting commerce in a forum state such that a nonresident should anticipate being haled into court there. Durkin v. Gran Turismo Jaguar (Dec. 17, 1999), Lake App. No. 98-L-101, unreported.
The present case is very similar to KB Circuits, a recent case reviewed by this court. In that case, we found that sufficient contacts had been established between a Missouri based corporation and an Ohio based corporation even though: (1) no representative of the Missouri corporation ever visited Ohio; (2) the basis of the contract involved the manufacturing and delivery of goods outside of Ohio; (3) this was the parties only contract with each other; and (4) the only contact between the parties was frequent telephone, fax and e-mail communications. However, an important difference between KB Circuits and the present case is the fact that in KB Circuits, the Missouri corporation "initiated the contact with [the Ohio corporation] to form the contract." Id. In the present case, there is no evidence that appellee initiated contact with appellant in order to form a business relationship.
Accordingly, after having reviewed the evidence in a light most favorable to appellant, we find that the trial court did not err when it determined that appellee did not maintain the necessary minimum contacts within the state of Ohio. Even though the parties had numerous electronic communications, the communications were part of a one time contract between the parties. The evidence does not show that appellee: (1) had a substantial connection to Ohio; (2) had continuing obligations with a resident of Ohio; or (3) conducted significant activities within Ohio. Additionally, the evidence does not show that appellant's cause of action arose from appellee's activities in Ohio. Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.