OPINION
Defendants-appellants, Andrew Buckner ("Buckner") and his wife, Olga Buckner (collectively referred to as "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, J. Lee Covington, II, in his official capacity as Liquidator of the PIE Insurance Company, on his claims against appellants.
The facts relevant to the determination of this appeal are as follows: Sometime in 1995, Larry Rodgers, the top management officer of PIE Mutual Insurance Company ("PIE"), asked Buckner to become senior vice-president in charge of the claims department at PIE. PIE was primarily in the business of providing medical malpractice liabilitiy insurance for physicians. At the time, Buckner was the assistant managing director and managing partner of the Maryland office of the law firm Jacobson, Maynard, Tuschman Kalur. That firm represented all PIE insureds sued for medical malpractice. Buckner accepted the offer and began his employment with PIE in June 1995. His salary was $300,000 a year, prorated, with the potential for bonuses. Buckner commuted each week from Maryland to Cleveland, Ohio, where PIE was located.
In March 1996, Buckner's health became a concern, thereby making the frequent commute from Maryland to Cleveland, Ohio more difficult. Therefore, PIE extended appellants a "bridge loan" in the amount of $325,000 so that appellants could sell their house in Maryland and buy a house in Ohio. In exchange for this loan, appellants executed a promissory note payable to PIE in the amount of the loan, $325,000. Appellants purchased a house outside of Cleveland where they lived for a number of months.
Later that year, Rodgers told Buckner that the PIE claims department was going to be reorganized and that Buckner would no longer be running the department. Rodgers gave Buckner the option of staying with PIE in another capacity or leaving the company. After discussing these options with his wife, Buckner resigned on September 30, 1996, and returned to Maryland, although he continued to receive his salary from PIE until April 30, 1997.
On January 28, 1997, Buckner and PIE entered into a severance agreement. Pursuant to that agreement, PIE forgave the $325,000 promissory note and paid Buckner $85,000. The $85,000 was broken down into a $75,000 payment for "additional compensation" and a $10,000 payment for Buckner's costs in moving to and from Cleveland. In consideration for the forgiveness of the note and the additional $85,000, Buckner agreed to "not directly or indirectly, or in connection with any person, sole proprietorship, (or) partnership, * * * engage in any phase of legal defense for the liability by reason of malpractice or other negligence or professional liability of any hospital, clinic, physician, dentist or other allied health professionals." This limitation extended for two years from the date of Buckner's official termination on April 30, 1997. He also agreed not to disclose confidential information or to make disparaging remarks about PIE. Buckner further discharged PIE from any claims he may have had arising from his employment with and subsequent termination from PIE.
Later that year, on December 10, 1997, a complaint for rehabilitation of PIE was filed in the Franklin County Court of Common Pleas. An agreed order appointing a rehabilitator was signed on December 15, 1997. On March 23, 1998, PIE was placed into liquidation. Pursuant to R.C. 3903.01, appellee was appointed liquidator of PIE and took possession of all PIE's property. On July 7, 1998, appellee filed the present lawsuit seeking to reclaim monies transferred to appellants from PIE. Appellee sought recovery of the $325,000 bridge loan that PIE had forgiven, as well as the $85,000 paid to Buckner in connection with his severance agreement.
Appellants first sought dismissal of appellee's complaint based on a lack of personal jurisdiction. That motion was denied by the trial court. Subsequently, the trial court granted appellee summary judgment on his claims against appellants in the amount of $410,000. Appellants appeal, assigning the following errors:
ASSIGNMENT OF ERROR NO. 1
 The Trial Court Erred in Entering Summary Judgment Against the Defendants.
ASSIGNMENT OF ERROR NO. 2
 The Trial Court Erred in Denying Andrew Buckner's Motion to Dismiss for Lack of Personal Jurisdiction.
ASSIGNMENT OF ERROR NO. 3
 The Trial Court Erred in Denying Olga Buckner's Motion to Dismiss for Lack of Personal Jurisdiction.
ASSIGNMENT OF ERROR NO. 4
 The Trial Court Erred in Awarding $410,000 Against Olga Buckner.
We will first address appellants' second and third assignments of error, which contest the trial court's exercise of personal jurisdiction. Appellants contend that the trial court lacked personal jurisdiction over them because they were never Ohio residents and had no contacts with Ohio arising out of business they transacted in Ohio. We disagree. For the following reasons, the trial court properly exercised personal jurisdiction over both appellants.
R.C. 3903.04(C)(3) provides:
 (C) * * * [A] court of common pleas has jurisdiction over a person served pursuant to the Civil Rules in an action brought by the conservator, rehabilitator, or liquidator of a domestic insurer or an alien insurer domiciled in this state if any of the following apply:
* * *
 (3) The person served is or has been an officer, manager, trustee, organizer, promoter, or person in a position of comparable authority or influence in an insurer against which a rehabilitation or liquidation order is in effect when the action is commenced, in any action resulting from such a relationship with the insurer.
Buckner meets the statutory requirements. He was served in accordance with the civil rules and the present action was brought by appellee in his official capacity as liquidator of PIE, an Ohio insurer. Buckner was a senior executive with PIE and this action concerns a transaction arising out of that employment relationship. When this action was commenced, an order of liquidation was in effect for PIE. Therefore, pursuant to R.C. 3903.04(C)(3), personal jurisdiction over Buckner was proper in the Franklin County Court of Common Pleas. Furthermore, given the significant contacts Buckner had with Ohio as a senior executive of PIE an Ohio corporation he clearly had sufficient minimum contacts with the state to satisfy due process requirements under theFourteenth Amendment of the United States Constitution. Burger King Corp. v. Rudzewicz (1985), 471 U.S. 462, 471-472.
Personal jurisdiction over Buckner's wife, Olga, is established under a different statutory provision. When determining whether personal jurisdiction is proper over a non-resident, we must determine whether: (1) R.C. 2307.382 and Civ.R. 4.3 confer personal jurisdiction; and (2) whether granting personal jurisdiction would deprive the defendant of the right of due process of law pursuant to the Fourteenth Amendment of the United States Constitution. KB Circuits, Inc. v. BECS Tech., Inc. (2001), Franklin App. No. 00AP-621; Clark v. Connor (1998),82 Ohio St.3d 309, 312.
R.C. 2307.382(A) states in pertinent part:
 A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state[.]
Civ.R. 4.3(A) similarly states:
 * * * Service of process may be made outside of this state, as provided in this rule * * * upon a person * * * who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
(1) Transacting any business in this state[.]
The phrase "transacting any business" is broad and encompasses more than "contract." Clark, supra, at 312. The term "transact" as utilized in the phrase "transacting any business" encompasses to "carry on business" and to "have dealings." Goldstein v. Christiansen (1994), 70 Ohio St.3d 232,236; Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc. (1990),53 Ohio St.3d 73, 75.
In addition to the requirements of R.C. 2307.382 and Civ.R. 4.3, a trial court may not exercise personal jurisdiction over a nonresident defendant if such exercise would deprive the defendant of the right of due process of law guaranteed by the Fourteenth Amendment of the United States Constitution. That clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful `contacts, ties, or relations.'" Burger King Corp., supra, at 471-472. "To pass muster under the due process clause, personal jurisdiction over a nonresident may only be had if the nonresident purposefully established minimum contacts with the state." Martyn Assoc. Co. v. Frank Minardo, Inc. (2000), Cuyahoga App. No. 77683. "`Minimum contacts' has been defined as conduct which creates a substantial connection to the forum state, creates continuing obligations between a defendant and a resident of the forum, or conducting significant activities within a state." Hercules Tire 
Rubber Co. v. Murphy (1999), 133 Ohio App.3d 97, 101.
Olga Buckner did not sign the severance agreement at issue here. However, she did sign the promissory note that was forgiven by PIE under the severance agreement. In addition, the note contained a choice of law clause indicating that it would be governed and construed in accordance with Ohio law. A choice of law provision is a factor that may be used in this court's analysis of personal jurisdiction. Id. at 101. The loan itself was from PIE, an Ohio company, and appellants used the loan to purchase a home in Ohio where Olga Buckner and her family lived for a number of months.
By purchasing a house in Ohio with a loan obtained from an Ohio company, appellants, and specifically Olga Buckner, transacted business in this state as required by Ohio's long-arm statute. In addition, appellants signed a promissory note payable to PIE, which contained a choice of law clause indicating the note would be governed by Ohio law. Appellee's claims relate at least indirectly to all of these transactions. While appellee's claims are based on the severance agreement, the claims arose because the agreement forgave the promissory note that both appellants signed. Therefore, the exercise of personal jurisdiction over appellants does not violate appellants' due process rights. Accordingly, the trial court did not err in denying appellants' motion to dismiss for lack of personal jurisdiction. Appellants' second and third assignments of error are overruled.
Appellants' first assignment of error contends that the trial court erred in finding the forgiveness of appellants' promissory note and the additional $85,000 payment to Buckner were fraudulent transfers under R.C. 3903.26(A). Pursuant to that statute:
 (A) Every transfer made or suffered and every obligation incurred by an insurer within one year prior to the filing of a successful complaint for rehabilitation or liquidation under sections 3903.01 to 3903.59 of the Revised Code is fraudulent as to then existing and future creditors if made or incurred without fair consideration, or with actual intent to hinder, delay, or defraud either existing or future creditors. * * *
PIE's forgiveness of appellants' promissory note and the payment of $85,000 occurred on January 28, 1997, less than one year before the filing of the successful complaint for rehabilitation. Therefore, the question becomes whether or not these transfers were supported by fair consideration. Appellants contended that the non-compete clause in the severance agreement provided PIE fair consideration for the forgiveness of the note and the $85,000 payment to Buckner. The trial court disagreed, finding that the non-compete clause violated Ohio's disciplinary rules and, therefore, was unenforceable. The trial court also found that the non-compete clause, even if enforceable, was of no value to PIE. Therefore, the trial court determined that the transaction was fraudulent under R.C. 3903.26 because it was not supported by fair consideration.
Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
Assuming, without deciding, that this non-compete clause would have been enforceable, we must first determine whether PIE received fair consideration for these transfers. In relevant part, R.C. 3903.01(H) provides that fair consideration is given:
 (1) When in exchange for such property or obligation, as a fair equivalent therefor, and in good faith, property is conveyed, services are rendered, an obligation is incurred, or an antecedent debt is satisfied[.]
Appellants contend that the non-compete clause in the severance agreement constituted fair consideration because it prevented him from soliciting PIE insureds on behalf of another insurance company for two years, thereby maintaining substantial premium dollars for PIE. Appellee contends that the non-compete provision only prevented Buckner from defending PIE insureds in malpractice actions for two years a promise that was of no real value to PIE.
The purpose of contract construction is to effectuate the intent of the parties. Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus. The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement. Id. If a contract is clear and unambiguous, its interpretation is a matter of law and there is no issue of fact to be determined. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108; Latina v. Woodpath Development Co. (1991), 57 Ohio St.3d 212, 214. Words will be given their ordinary meaning in a contract unless manifest absurdity results or some other meaning is clearly evidenced from the face or overall contents of the instrument. Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, 638.
Extrinsic evidence will be considered by a court only when the language of the contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning. A contract is ambiguous if it is susceptible to more than one reasonable interpretation. See Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc. (1990), 52 Ohio St.3d 174, syllabus.
The non-compete clause in question prevented Buckner from directly or indirectly engaging "in any phase of legal defense" in medical malpractice claims for two years. Contrary to Buckner's argument, this clause did not prevent him from soliciting PIE insureds on behalf of another insurance company. The common meaning of the phrase "legal defense" refers to defending a party in some type of adversarial proceeding or lawsuit after a claim is made. It does not include solicitations to purchase medical malpractice liability insurance. If the parties had intended to prevent Buckner from attempting to solicit PIE insureds on behalf of another insurance company, they would have said so in the agreement.
Because the clause in question only prevented Buckner from engaging in any legal defense of PIE's insureds, it was of no value to PIE. As the trial court correctly noted, PIE's insureds could only be represented by Jacobson, Maynard, Tuschman Kalur. Therefore, preventing Buckner from doing something he could not do anyway cannot constitute fair consideration for a $410,000 payment. Because the trial court was correct in finding that the non-compete clause was not supported by fair consideration, the award of summary judgment to appellee was proper. Because we find a lack of fair consideration for these payments, we decline to address whether the non-compete clause would have been enforceable even if it had been supported by fair consideration. Appellants' first assignment of error is overruled.
Finally, appellants' fourth assignment of error contends that the trial court erred when it granted judgment against Olga Buckner for the total amount of $410,000. Appellee concedes that the complaint only requested judgment against Olga Buckner in the amount of the loan, $325,000. The additional $85,000 was money paid directly to Buckner not his wife. Therefore, appellants' fourth assignment of error is sustained.
Having overruled appellants' first, second and third assignments of error, but having sustained their fourth assignment of error, we affirm in part and reverse in part and remand this matter for the trial court to enter judgment against Olga Buckner in the amount of $325,000.
Judgment affirmed in part, reversed in part, and cause remanded.
PETREE and BROWN, JJ., concur.