DECISION AND JUDGMENT ENTRY
{¶ 1} In this accelerated appeal, appellant, Century Marketing Corporation ("Century"), asserts that the Wood County Court of Common Pleas erred in granting appellee's motion to dismiss, made pursuant to Civ.R. 12(B)(2).
 {¶ 2} Century manufactures and sells custom labels and other marketing supplies. From August 1990 to March 1996, appellee, Dennis Langlie, was employed as a regional sales representative by Century. Throughout this period Langlie lived in Tennessee, but he attended sales meetings in, among other places, Ohio and made telephone calls to Century's headquarters in Bowling Green, Wood County, Ohio. Century did not require Langlie to sign a noncompete agreement as a term of his employment.
 {¶ 3} After Century terminated appellee's employment in 1996, Langlie started his own business, Langlie Label and Packaging, a sole proprietorship that operates from his home in Nashville, Tennessee. It is undisputed that between the time he started his business and the date that Century filed the instant case, Langlie made a one-time sale only of his products to a customer in Ohio. Additionally, although approximately 5 percent of the labels sold by Langlie were manufactured in Ohio, Langlie never was physically present in this state after the termination of his employment.
 {¶ 4} In November 2001, Century commenced the instant suit, naming Langlie, doing business as Langlie Label and Packaging, and another former employee, Roger Aldrich, as defendants. Aldrich resides in Wisconsin; his employment was terminated in April 2001. In an amended complaint, Century alleged claims against Langlie that include tortious interference with Century's business relationships, the misappropriation of trade secrets and confidential business information in violation of R.C. Chapter 1333, unjust enrichment, and violations of Ohio's RICO statute, R.C. Chapter 2923.
 {¶ 5} Langlie filed, pursuant to Civ.R. 12(B)(2), a motion to dismiss for lack of personal jurisdiction. Century filed a memorandum in opposition; Langlie filed a reply. Neither party requested a hearing on Century's motion. On January 16, 2002, the trial court granted the Civ.R. 12(B)(2) motion and dismissed, without prejudice, Century's case against Langlie. Subsequently, upon Century's motion, the trial court entered a judgment containing the language required under Civ.R. 54(B) to render its January 16, 2002 judgment a final, appealable order.
 {¶ 6} We note at the outset that Langlie asserts a cross-assignment of error, allegedly on cross-appeal. Langlie, however, never filed a notice of cross-appeal. Therefore, this cross-assignment of error could only be made pursuant to R.C. 2505.22. Because we affirm the judgment of the trial court, we do not address this cross-assignment of error. Grendall v. Ohio Environmental Protection Agency (2001),146 Ohio App.3d 1, 15, citing Duracote Corp. v. Goodyear Tire Rubber Co. (1983), 2 Ohio St.3d 160, 163-164. (Cross-assignments of error by an appellee who has not filed a notice of appeal may be considered only when necessary to prevent a reversal.)
 {¶ 7} Century presents four assignments of error[1] for our consideration. Nevertheless, due to the fact that Century's second, third and fourth assignments of error are actually
 {¶ 8} issues that fall under its first assignment of error, we shall consider all four assignments together.
 {¶ 9} The trial court in the case at bar did not hold an evidentiary hearing on Langlie's Civ.R. 12(B)(2) motion. Thus, the court was required to view the allegations in the pleadings and the documentary evidence in a light most favorable to Century and to resolve all reasonable competing inferences in its favor. Goldstein v. Christiansen
(1994), 70 Ohio St.3d 232, 236. Century needed only to make a prima facie showing of personal jurisdiction to overcome Langlie's motion to dismiss. Pharmed Corp. v. Biologics, Inc. (1994), 97 Ohio App.3d 477,480.
 {¶ 10} An Ohio court may exercise personal jurisdiction over a nonresident defendant where (1) Ohio's long-arm statute, R.C. 2307.382, and Civ.R. 4.3(A) confer jurisdiction and permit service of process; and (2) the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. U.S. SprintCommunications Co., Ltd. v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181,183-184.
 {¶ 11} As applied to the present case, the trial court determined that the first prong of the test was satisfied, but that the due process requirement was not met. Under this second prong, personal jurisdiction may be asserted over a defendant nonresident if he has minimum contacts with the state "so that the suit does not offend traditional notions of fair play and substantial justice." Clark v. Connor (1998),82 Ohio St.3d 309, 313-314, citing Internat'l Shoe Co. v. Washington
(1945), 326 U.S. 310, 316.
 {¶ 12} "Minimum contacts" is defined as conduct that requires a substantial connection to the forum state, that creates continuing obligations between a defendant and a resident of the forum state, or that mandates conducting significant activities within a forum state.Hercules Tire Rubber Co. v. Murphy (1999), 133 Ohio App.3d 97,101. To establish sufficient minimum contacts under the Due Process Clause, a plaintiff must demonstrate all of the following:
 {¶ 13} "`First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.'" Fritz-Rumer-Cooke Co., Inc. v. Todd Sargent (Feb 18, 2001), Franklin App. No. 00AP-817, quoting CalphalonCorp. v. Rowlette (C.A. 6, 2000), 228 F.3d 718, 721.
 {¶ 14} Here, the common pleas court found that the telephone calls made from Langlie's business telephone number to Century after his termination, his previous employment relationship with Century, and other instances of Langlie's conduct, e.g., the business website, were insufficient to establish that Langlie purposefully availed himself of the privilege of acting in Ohio or causing a consequence in Ohio. For this reason, the court concluded that Century failed to make a prima facie showing of personal jurisdiction.
 {¶ 15} The arguments under Century's first and second assignments of error are essentially the same. In those assignments, Century claims that undisputed evidence, its telephone records consisting only of telephone numbers, showed that about twenty phone calls were made from Langlie's business telephone number to Century's toll-free lines after the termination of his employment. The vast majority of these calls were made in 1996 and 1997.
 {¶ 16} In his deposition testimony, Langlie did not recall making those calls, but he later filed an affidavit stating that he now remembered making some calls to Century after his termination for the purpose of inquiring about his 401(K), his insurance, and his reserve account. Century urges that because the trial court was required to view the evidence in a light most favorable to the plaintiff, the court should have reasonably inferred that the calls were made for a "wrongful" purpose and that Langlie purposefully availed himself of acting or causing a consequence in Ohio so that he could anticipate being haled into an Ohio court. We disagree.
 {¶ 17} As a general rule, the use of interstate lines of communication such as mail service, facsimiles, and telephones is not automatically a purposeful availment of the privileges of conducting commerce in a forum state such that a nonresident defendant should anticipate being haled into court there. Fritz-Rumer-Cooke Co., Inc. v.Todd Sargent, supra; Durkin v. Gran Turismo Jaguar (Dec. 17, 1999), Lake App. No. 98-L-101. Therefore, even if we disregard Langlie's affidavit concerning the point of his alleged telephone communications, there is no evidence of either of the parties to the communications or the contents of those communications. Thus, we conclude that the telephone calls cannot, in and of themselves, constitute a purposeful availment of the privilege of conducting commerce in the state of Ohio so that Langlie could anticipate being haled into an Ohio court. Accordingly, Century's first and second assignments of error are found not well-taken.
 {¶ 18} Century's third assignment of error asserts that the trial court erred in failing to find that Langlie's former employment relationship with Century and the contacts he had with other former sales representatives demonstrated that Langlie purposefully availed himself of the benefits and privileges of conducting business in Ohio.
 {¶ 19} A defendant nonresident should not be subject to a foreign court's jurisdiction based upon "random," "fortuitous," or "attenuated" contacts. Hack v. Fisher-Bord Worldwide Moving, 2002-Ohio-3863, citingBurger King Corp. v. Rudzewicz (1985), 471 U.S. 462, 475-476. Here, there is a paucity of facts to show that Langlie's former position with Century created a current significant commercial connection with the forum state, Ohio. Langlie's employment was terminated in 1996; he has not been present in the state of Ohio since that time. The terms of Langlie's employment with Century did not include a noncompete agreement. While a few of Century's former employees sent some orders to Langlie, these individuals do not reside in the state of Ohio. In addition, it is undisputed that Langlie sold labels to only one customer in Ohio. Finally, only five percent of Langlie's labels were manufactured in the state of Ohio. Based on these facts we cannot say that the trial court erred in finding that Langlie's contacts with this forum were attenuated, random and fortuitous. Accordingly, the common pleas court correctly found that Langlie's prior employee-employer relationship with Century does not satisfy the standard of purposeful availment, and Century's third assignment of error is found not well-taken.
 {¶ 20} Appellant's fourth assignment of error maintains that Langlie Label and Packaging's website "evidences that Langlie purposefully availed himself of the privilege of acting or causing a consequence in Ohio."
 {¶ 21} Century relies on Zippo Mfr. Co. v. Zippo Dot Com (W.D.Pa. 1997), 952 F. Supp. 1119, for the proposition that personal jurisdiction can be constitutionally exercised in a case where a nonresident defendant conducts commercial activity in the forum state over the Internet. Even though we agree with this basic premise, Century ignores the "sliding scale" standard adopted in Zippo. Id. at 1124. Specifically, the Zippo court held:
 {¶ 22} "At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. E.g. Compuserve, Inc. v.Patterson, 89 F.3d 1257 (6th Cir. 1996). At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. E.g. Bensusan Restaurant Corp. v. King, 937 F. Supp. 295
(S.D.N.Y. 1996). The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site. E.g. Maritz, Inc. v. Cybergold, Inc.,940 F. Supp. 96, 1996 U.S. Dist. LEXIS 14976 (E.D.Mo. 1996)." Id.
 {¶ 23} In the present case, Langlie acknowledged that he has a website; however, he also averred that the website has generated no sales for Langlie Labels and Packaging. We therefore find, under the standard set forth in Zippo, that simply showing that Langlie has a website does not establish purposeful availment of the privilege of conducting commerce in the state of Ohio so that Langlie could anticipate being haled into an Ohio court. For this reason, Century's fourth assignment of error is found not well-taken.
 {¶ 24} The judgment of the Wood County Court of Common Pleas is affirmed. Century Marketing Corporation is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] These assignments are:
"The trial court erred in applying the standard of review in determining a motion to dismiss for lack of personal jurisdiction.
"The trial court erred when it found that appellant's assertion that appellee Dennis Langlie's placement of phone calls to appellant's toll-free lines for a wrongful purpose was not a reasonable inference.
"The trial court erred when it found that appellee Langlie's previous employment relationship could not establish a substantial or significant enough connection such that appellee should have reasonably anticipated being haled into Ohio courts.
"The trial court erred by failing to apply the prevailing standard for analyzing a website in the context of minimum contacts that would create a substantial or significant connection such that appellee should have reasonably anticipated being haled into the Ohio courts.